MINNIE E. BOULTON, Respondent, v. CITY OF COLUMBIA, Appellant.

Kansas City Court of Appeals, June 7, 1897.

1. **Appellate Practice:** DIMINUTION OF RECORD: SUBMISSION.  A suggestion of the diminution of the record comes too late after the filing of briefs, oral argument and the submission of the cause.

2. **Municipal Corporations:** CONTRIBUTORY NEGLIGENCE : KNOWLEDGE OF DEFECTIVE STREET.  The fact that the plaintiff knew of the defect in the sidewalk where he was injured will not prevent a recovery if he exercised ordinary care in passing along the walk.

3. **Appellate Practice:** INSTRUCTION: EXCEPTION.  The appellate court must assume that instructions are unobjectionable unless objections and exceptions are saved to them.

*Appeal from the Boone Circuit Court.*—HON.  J.  A. HOCKADAY, Judge.

AFFIRMED.

*Webster Gordon* for appellant.

(1)   The plaintiff's evidence clearly shows that she was not using ordinary care when she received her injury complained of, but on the contrary was guilty of contributory negligence and can not recover in this cause.   *Gerdes v. Iron and Foundry Co:*, 124 Mo. 347-355; *Butterfield v. Forrester*, 11 East. 60.   One who attempts to cross over a sidewalk as part of a road known to him to be dangerous, when the dangerous place could have been easily avoided as by passing around it or taking another side of the road is wanting

in due care, and the court may so say as a matter of law. *Cohn v. City of Kansas*, 108 Mo. 387–393. Yet she ventured on it on a dark night, well knowing its condition, and also the way to avoid the same, but failed and refused to do so, and her action in that particular is fatal to recovery, and this court will reverse the judgment of the trial court. *Sindlinger v. Kansas City*, 126 Mo. 315; *Coontz v. R'y*, 115 Mo. 669; *Cohn v. City of Kansas*, 108 Mo. 387; *Loewer v. Sedalia*, 77 Mo. 431; *Boyd v. Springfield*, 62 Mo. App. 456; *Erie v. Magill*, 101 Pa. St. 616; *Gosport v. Evans*, 112 Ind. 133; *Centralia v. Krouse*, 64 Ill. 19.

*Odon Guitar* and *J. S. Banks* for appellant.

(1) It appearing as a conclusion of law, from the evidence of the plaintiff herself, corroborated by her other testimony, that before the accident she had full knowledge of the existence of the defect complained of in the said walk, and of the precise location, and that by the exercise of ordinary care she could have avoided it, it was the duty of the court to have taken the case from the jury. *Craig v. City of Sedalia*, 63 Mo. 417; *Smith v. R'y*, 61 Mo. 588; *Hudson v. R'y*, 123 Mo. 445; s. c., 101 Mo. 31; *Church v. R. R.*, 119 Mo. 203; *Ryan v. McCully*, 123 Mo. 636; *Warmington v. R'y*, 46 Mo. App. 159; *Hicks v. R'y*, 46 Mo. App. 304; *Boyd v. The City of Springfield*, 62 Mo. App. 456; *McFarland v. R'y*, 125 Mo. 253. (2) If the injury complained of resulted from the "concurring negligence" of plaintiff and defendant the defendant would be absolved from liability, as the proximate cause will be attributed to the plaintiff. *Corcoran v. R'y*, 105 Mo. 399; *Hudson v. R. R.*, 101 Mo. 31; *Murray v. R. R.*, 101 Mo. 237; *Craig v. The City of Sedalia*, 63 Mo. 417; *Smith v. R. R.*, 61 Mo. 588; *McKinna v. R'y*, 54 Mo. App. 161.

*N. T. Gentry* and *I. W. Boulware* for respondent.

(1)   A city is required to keep its streets and sidewalks in a reasonably safe condition for travel in the usual modes, and is liable for injuries caused by its neglect to do so.   And one passing over the same is only required to exercise common and ordinary care and caution.   *Loewer v. City of Sedalia*, 77 Mo. 431; *Franke v. City of St. Louis*, 110 Mo. 516; *Carrington v. City of St. Louis*, 89 Mo. 208; *Bowie v. City of Kansas*, 51 Mo. 454; *Wilson v. City of Wheeling*, 19 W. Va. 323; *Brusso v. City of Buffalo*, 90 N. Y. 679; *McCarroll v. City of Kansas*, 64 Mo. App. 283; 2 Thompson on Negligence, pp. 731, 732, 733; Cooley on Torts, p. 625. A city is required to keep the whole of its sidewalks in a reasonably safe condition for travel.   *Goins v. City of Moberly*, 127 Mo. 116.   A city is bound to keep its sidewalks in a condition of reasonable safety for legitimate travel by night as well as by day.   *Haniford v. City of Kansas*, 103 Mo. 172.   (2)   The question whether plaintiff was guilty of contributory negligence is one exclusively for the jury.   *Loewer v. City of Sedalia*, 77 Mo. 431; *Coontz v. R'y*, 115 Mo. 669; *Dunn v. R'y*, 21 Mo. App. 108; *Carrington v. City of St. Louis*, 89 Mo. 208.   As to whether the plaintiff at the time of the accident in question was in the exercise of ordinary care is a question of fact.   *R. R. v. Waltz*, 62 Ill. App. 443.   (3)   Knowledge of the defective condition of the sidewalk does not preclude one from recovering damages for injuries received by walking over it in the exercise of due care.   *Cohn v. City of Kansas*, 108 Mo. 387; *Flynn v. City of Neosho*, 114 Mo. 567; *Taylor v. City of Springfield*, 61 Mo. App. 263; Whittaker's-Smith on Negligence, p. 255; *Maltby v. Leavenworth City*, 28 Kan. 745; *Loewer v. City of Sedalia*, 77 Mo. 431; *Smith v. City of Butler*, 48 Mo. App. 663; *Reed v.*

*Inhabitants of Northfield*, 113 Pick. (Mass.) 94; *Barr v. City of Kansas*, 105 Mo. 556; *Maus v. City of Springfield*, 101 Mo. 613; *Lowell v. Watertown*, 58 Mich. 568; *Smith v. City of St. Joseph*, 45 Mo. 449; *Russell v. Town of Columbia*, 74 Mo. 480; *Buesching v. Gaslight Co.*, 73 Mo. 219; *City of Columbus v. Strasmer*, 25 N. E. Rep. (Ind.) 65; 2 Jaggard on Torts, p. 765; *West v. City of Eauclaire*, 61 N. W. Rep. (Wis.) 313; *Wheeler v. Town of Westport*, 30 Wis. 392; *McKenzie v. City of Northfield*, 30 Minn. 456; *City of Bloomington v. Chamberlain*, 104 Ill. 268; *Cannon v. Lewis*, 45 Pac. Rep. (Mont.) 572. (4) It is the duty of the city to keep its sidewalks in repair, and persons using them have the right to presume that this duty has been performed, and that they are in a safe condition for the use of the public. *Roe v. City of Kansas*, 100 Mo. 190; *Cohn v. City of Kansas*, 103 Mo. 387.

ELLISON, J.—This action is for damages alleged to have been suffered by reason of injuries received on one of defendant's sidewalks, the walk being alleged to be defective and the cause of the accident. Plaintiff had judgment in the circuit court for $1,695 and defendant appealed to the supreme court. That court transferred the case to this court for the reason that it had not jurisdiction thereof. The case was duly docketed in this court and after each party had filed briefs and argued and submitted the cause, plaintiff filed a motion asking to set aside the submission and suggesting a diminution of the record.

The defect in the record is alleged to be that it fails to state (as it is alleged the original bill of exceptions states) that defendant excepted to the action of the court in giving instructions for plaintiff. Defendant's abstract does show that the city excepted to the action of the court in giving plaintiff's instructions.

Boulton v. City of Columbia.

But this was denied by plaintiff wherein she set out what she contended the record did show. With this disagreement between the parties as to what the record contained, we have examined the transcript which is made out in full and find that, as stated by plaintiff, it fails to show any exception by defendant to the court's action in giving instructions for plaintiff and that it does show the fact to be as set out by plaintiff in her counter abstract on this point.

But counsel for defendant claim that the original bill of exceptions filed in the circuit court shows the matter as presented in their abstract; on the other hand, plaintiff's counsel claim the bill of exceptions has been altered since it was signed by the trial judge and since the clerk made out the transcript. It is not necessary for us to go into that question, since defendant has no standing on the motion. Defendant knew, or must be presumed to have known, that the transcript here failed to show any exception to instructions given for plaintiff. Plaintiff's counter abstract on that point showed that she disputed defendant's abstract and yet defendant submits the cause to the court without suggesting a diminution of the record and the suggestion only comes after the cause has been orally argued and submitted. It is too late and can not now be entertained. The motion will therefore be overruled.

*Appellate practice: diminution of record: submission.*

On the merits of the case, we find that there was ample evidence to sustain the verdict.

The point is made that plaintiff knew of the defect in the sidewalk, and that by the exercise of ordinary care, she could have avoided it. The fact that plaintiff knew of the defect will not prevent her recovery if she exercised ordinary care and prudence in passing over

*Municipal corporations: contributory negligence: knowledge of defective street.*

the walk.    This has been too often held to need further
statement here.    And that she did exercise such care
and prudence has been affirmed by the jury.

Most of defendant's brief is made up of objections
to plaintiff's instructions but, as is shown above, there
was no exception taken to them and we
must assume that they were unobjection-
able.    The judgment will be affirmed.

APPELLATE prac-
tice: instruc
tion: exception.

SMITH, P. J., concurs.    GILL, J., absent.